1

2                        UNITED STATES DISTRICT COURT

3                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

4                              OAKLAND DIVISION

5

6  | PATRICIA MORGOVSKY, on behalf of           Case No:  C 10-5143 SBA
   | herself and all others similarly situated,
7                                               **ORDER**
                Plaintiff,
8                                               Docket 8, 10, 29, 47
9           vs.

10  | ADBRITE, INC., et al.,
                Defendants.
11

12
13          On August 6, 2010, Plaintiff Patricia Morgovsky, through counsel, filed the instant

14  action on behalf of herself and all others similarly situated, against Defendants, alleging a

15  federal claim under the Fair Labor Standards Act, 29 U.S.C. § 201 ("FLSA"), and state

16  labor laws.  On November 12, 2010, Defendants removed the action on the basis of federal

17  question jurisdiction.  Dkt. 1.

18          On November 19, 2010, Defendants filed motions to dismiss and to strike, pursuant

19  to Federal Rule of Civil Procedure 12(b)(6) and 12(f), respectively, which were scheduled

20  for hearing on April 12, 2011.  Dkt. 8, 10.  In the meantime, on March 31, 2011, Plaintiff,

21  acting pro se, filed a motion for leave to proceed pro se.  Dkt. 29.  Plaintiff did not notice

22  her motion for hearing, as required by Civil Local Rule 7-2.  In addition, Plaintiff did not

23  file any response to Defendants' motions.  Thus, on April 1, 2011, the Court issued an order

24  noting that Plaintiff had failed to timely file her opposition to the pending defense motions,

25  and sua sponte granted her an extension until June 21, 2011, to file oppositions.  Dkt. 30.

26  The Court also ordered Defendants to file their reply briefs by June 28, 2011, and continued

27  the motion hearing from April 12, 2011, to July 12, 2011.  Id.

28

1    On June 21, 2011, Plaintiff filed her responses to Defendants' motions.  Dkt. 39, 40.

2    On June 28, 2011, Defendants filed their replies, which include new arguments that were

3    not presented in their moving papers.  Dkt. 43, 45.  Although Defendants do not object to

4    Plaintiff's proceeding pro se, they argue, among other things, that Plaintiff's FLSA claim

5    and claim for unfair competition in violation of California Business and Professions Code

6    § 17200 must be dismissed on the ground that Plaintiff, acting pro se, is unable to pursue

7    these claims on behalf of a collective and class.  <u>Id.</u>  In addition, Defendants subsequently

8    filed a second motion to dismiss and motion to strike, which repeat and expand upon their

9    contention that Plaintiff's pro se status forecloses her ability to pursue certain of the claims

10   alleged in the Complaint filed by her former counsel.  Dkt. 47.  Defendants noticed their

11   new motions for August 2, 2011, even though the Court's website indicates that such date

12   is not an available hearing date.

13        Before proceeding further, the Court must first consider Plaintiff's pro se motion to

14   to represent herself.  Attached to the motion is a declaration from Plaintiff stating that she

15   discharged her attorney, John Hartford, on March 21, 2011, in accordance with the terms of

16   their representation agreement.  Morgovsky Decl. ¶¶ 2-3.  Litigants have a statutory right to

17   self-representation in civil matters.  <u>See</u> 28 U.S.C. § 1654.[1]  Other than their general

18   objection to Plaintiff ability to proceed on her claims on a class or collective action basis,

19   Defendants do not oppose Plaintiff's request for self-representation.  Accordingly, the

20   Court grants Plaintiff's request to represent herself in this action.

21        Plaintiff should be aware that although she is now representing herself in this action,

22   she nevertheless is obligated to follow the same rules as represented parties.  <u>See</u> <u>King v.</u>

23   <u>Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) (finding that pro per litigants must follow the

24   same procedural rules as represented parties).  Self-representation is not an excuse for non-

25   compliance with court rules.  <u>See</u> <u>Swimmer v. I.R.S.</u>, 811 F.2d 1343, 1344 (9th Cir. 1987)

26   ("[i]gnorance of court rules does not constitute excusable neglect, even if the litigant

27

28        [1] Because Plaintiff is seeking to represent herself, Civil Local Rule 11-5, which
     governs requests by attorney to be relieved as counsel of record, is inapplicable.

appears pro se.") (citation omitted).  It is Plaintiff's responsibility to prosecute the claims alleged in her complaint in a manner consistent with the Federal Rules of Civil Procedure, the Court's Local Rules and the standing and other orders of this Court.   She must keep the Court informed of any change of address and serve copies of all court filings on all other parties.  Failure to comply with any of these requirements may result in the imposition of sanctions, up to and including the dismissal of this action.

Having now determined that Plaintiff may represent herself in this action, the Court turns to the matter of Defendants' two sets of motions to dismiss and to strike.  The Court's Standing Orders in effect at the time Defendants removed the action provide as follows: "Meet and Confer Requirement; All parties are required to meet and confer before filing any motion with this court, and to certify that they have complied with this requirement." Dkt. 2-1.  Despite this requirement, there is no indication in any of Defendants' motion papers that they met and conferred with Plaintiff prior to filing their motions.

The purpose of the meet and confer requirement is to narrow issues wherever possible such that only truly disputed issues remain for the Court's consideration.  Here, Defendants filed their motions seeking to dismiss and/or strike Plaintiff's claims without first meeting and conferring with Plaintiff, and before the matter of her pro se status was resolved.  In addition, Plaintiff has indicated that in the event she is permitted to proceed pro se, she intends to seek leave to amend her pleadings.  See Morgovsky Decl. ¶ 10. Given these circumstances, the Court finds that the more efficient course of action is for the parties to meet and confer regarding any disputed issues pertaining to the pleadings before the Court considers any pleading-related motions.  Accordingly,

IT IS HEREBY ORDERED THAT

1.      Defendants' motions to dismiss and to strike (Docket 8, 10, 43 and 45) are DENIED without prejudice to renewal after the parties have first met and conferred regarding any issues pertaining to the sufficiency of the pleadings.  Said meet and confer shall take place within fourteen (14) days from the date this Order is filed.  To the extent that the parties are in agreement to dismiss some or all of Plaintiff's claims or to permit the

filing of a First Amended Complaint, the parties shall file an appropriate stipulation and proposed order within twenty-one (21) days of the date this Order is filed.  Alternatively, if no stipulation is reached, Defendants may file a responsive pleading or renew their motion to dismiss and/or strike (in a single memorandum) which is noticed for the next available hearing date.

2.     The motion hearing dates scheduled for July 12, 2011, and August 2, 2011 are VACATED.

3.     The Case Management Conference previously scheduled for September 22, 2011, shall remain on calendar.

IT IS SO ORDERED.

Dated:  July 6, 2011

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge