1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

PATRICIA MORGOVSKY, on behalf of
herself and all others similarly situated,

                Plaintiffs,

        vs.

ADBRITE, INC., a California Corporation,
IGNACIO, aka "IGGY" FANLO, and DOES
1 through 20, inclusive,

                Defendants.

Case No:  C 10-05143  SBA

**ORDER GRANTING MOTION
TO DISMISS AND GRANTING
MOTION TO STRIKE**

Docket 47, 54.

        On August 6, 2010, Plaintiff Patricia Morgovsky ("Plaintiff") brought the instant

action against Defendants AdBrite, Inc. ("AdBrite") and Ignacio Fanlo ("Fanlo")

(collectively "Defendants") in the Superior Court of California, County of San Francisco,

alleging a federal cause of action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§ 216, as well as claims predicated on state law.  See Compl., Dkt. 1.  Defendants removed

the action to this Court on the basis of federal question jurisdiction.  See Notice of

Removal, Dkt. 1.  The parties are presently before the Court on Defendants' motion to

dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure and motion to strike

under Rule 12(f) of the Federal Rules of Civil Procedure.  Dkt. 54.  Plaintiff has filed an

opposition and a "Notice of Non-Opposition to Defendants' Motion to Strike Re California

Unfair Practices Claim."  Dkt. 57, 58.

        Having read and considered the papers filed in connection with these matters and

being fully informed, the Court hereby GRANTS Defendants' motion to dismiss and

GRANTS Defendants' motion to strike, for the reasons stated below.  The Court, in its

discretion, finds these matters suitable for resolution without oral argument.  <u>See</u>
Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I.   <u>BACKGROUND</u>

### A.   Factual Summary

AdBrite is a corporation with its principal place of business in San Francisco,
California.  First Amended Complaint ("FAC") ¶ 7, Dkt. 1, Exh. B.  AdBrite sells online
advertising.  <u>Id.</u> ¶ 7.  Mr. Fanlo was the president and/or chief executive officer of AdBrite
at all relevant times.  <u>See id.</u> ¶ 8.

Plaintiff was employed as a full-time administrative assistant for AdBrite between
April 2007 and August 7, 2007.  FAC ¶¶ 2, 13.  During that period, Plaintiff alleges that she
was required by AdBrite to work in excess of 8 hours per day and in excess of 40 hours per
week, and was occasionally asked to, and did, work on the weekends.  <u>Id.</u> ¶¶ 16, 26.
According to Plaintiff, she never received overtime compensation for hours worked in
excess of 40 hours per week.  <u>See id.</u>

Plaintiff also alleges that AdBrite had no provision for rest and meal periods, and
that she never had any rest periods and often had either no meal periods or was provided
meal periods shorter than required by law.  FAC ¶¶ 17-18.  Plaintiff further alleges that she
was never paid any overtime compensation and was never compensated for missed rest
periods, missed meal periods, and for taking meal periods totaling less than 30 minutes on
workdays longer than 6 hours.  <u>Id.</u> ¶ 20.

Plaintiff claims that while she was consistently praised for her job performance by
her direct supervisor, her employment was terminated on August 7, 2007.  FAC ¶ 27.
According to Plaintiff, she was "terminated in violation of public policy," upon the
insistence of Mr. Fanlo, because she shared her "dissatisfaction with other employees of . . .
not being provided rest periods and meal periods and being provided meal periods shorter
than required by law."  <u>Id.</u> ¶ 28.  By this action, Plaintiff seeks damages arising from
AdBrite's failure to pay overtime wages and to provide compensation for missed meal and
rest periods.  <u>Id.</u> ¶ 2.

**B.      Procedural History**

On August 6, 2010, Plaintiff commenced the instant action against Defendants in the San Francisco Superior Court.  See Compl.  On August 9, 2010, Plaintiff filed an amended complaint, alleging three causes of action: (1) "Violation of Labor Code § 201, Failure to Pay Wages at Time of Termination"; (2) "Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., Willful Failure to Properly Pay Overtime Wages"; and (3) "Unfair Business Practices, Violation of California Business and Professions Code § 17200, et seq." See FAC.  On November 12, 2010, Defendants removed the action to this Court on the basis of federal question jurisdiction.  Notice of Removal ¶¶ 1, 12-14

On November 19, 2010, Defendants filed a motion to dismiss and motion to strike. Dkt. 8,10.  Plaintiff filed a motion for leave to proceed pro se on March 31, 2011.  Dkt. 29. On July 6, 2011, Plaintiff's request to proceed pro se was granted, and Defendants' motion to dismiss and motion to strike were denied without prejudice for failure to meet and confer.  Dkt. 49.  In granting Plaintiff's request to represent herself, the Court specifically advised Plaintiff that she is obligated to follow the same rules as represented parties, and that self-representation is not an excuse for noncompliance with court rules.  Id.  The Court further advised Plaintiff that it is her responsibility to prosecute the claims alleged in her complaint in a manner consistent with the Federal Rules of Civil Procedure, the Court's Local Rules, and the Standing and other Orders of this Court.  Id.  Plaintiff was warned that the "[f]ailure to comply with any of these requirements may result in the imposition of sanctions, up to and including the dismissal of this action."  Id.

On October 11, 2011, Defendants filed a motion to dismiss and motion to strike. Dkt. 54.  Plaintiff filed an opposition on October 28, 2011.  Dkt. 57.  On October 29, 2011, Plaintiff filed a statement of non-opposition to Defendants' motion to strike "the private attorney general allegations of Plaintiff's claim for unfair business practices under California law."  Dkt. 58.  A reply was filed on November 1, 2011.  Dkt. 59.

///
///

## II.     DISCUSSION

As an initial matter, the Court notes that Plaintiff, who is pro se, has improperly e-filed several documents using the e-filer account of her former attorney, John Hartford.[1] See Dkt. 57, 58.  Plaintiff has not received permission to use the Court's electronic filing system in this case.  Under General Order No. 45, Electronic Case Filing, pro se litigants are excluded from the Court's electronic filing program unless otherwise ordered by the assigned Judge.  Thus, if Plaintiff wishes to e-file in this case, she must submit a motion requesting permission to do so.  Absent permission to e-file, all documents that Plaintiff files electronically in the future will be stricken from the docket.

Until Plaintiff is granted permission to e-file, she must manually file all documents with the Clerk of the Court and serve the documents upon Defendants in accordance with the applicable Federal Rules of Civil Procedure and the Local Rules for filing and service of non-electronic documents.  The Court advises Plaintiff that all manually filed documents must comply with the requirements of Rule 11 of the Federal Rules of Civil Procedure, which states that "[e]very pleading, written motion, and other paper *must* be signed by at least one attorney of record in the attorney's name--*or by a party personally if the party is unrepresented*."  Fed.R.Civ.P. 11(a) (emphasis added).  Thus, because Plaintiff is not represented by an attorney, she must personally sign every document she files with the Court.  Any document manually filed with the Clerk of the Court that does not contain Plaintiff's original signature will be stricken from the docket.  See id.

The Court also notes that Plaintiff does not challenge Defendants' accusation that she is attempting to have her non-attorney father, Naum Morgovsky, represent her in this matter, as evidenced by the fact that Plaintiff is using her father's e-mail address and has

---

[1] Under General Order No. 45, while an "ECF User," i.e., a person who is registered to use the Court's electronic case filing system, may authorize another person to file a document using their user ID and password, only ECF Users may file documents.  Thus, even if Plaintiff's former attorney gave her permission to use his e-filer account to file documents in this case, because Plaintiff has not been given permission to e-file documents, she is not an ECF User within the meaning of General Order 45.  As such, it was improper for her to e-file documents using the e-filer account of her former attorney.

1  asked Defendants to only communicate with her through her father. The Court finds

2  Defendants' accusation to be serious and Plaintiff's silence on the issue troubling,

3  particularly since the name "Naum Morgovsky" appears on the vexatious litigant list

4  maintained by the Judicial Council of California. <u>See</u> Vexatious Litigant List at

5  http://www.courts.ca.gov/12272.htm[2] The Court reminds Plaintiff that she is required to

6  prosecute her claims in compliance with the Federal Rules of Civil Procedure, the Court's

7  Local Rules, and any Order of this Court. As Civil Local Rule 3-9(a) states:

8
9      Any party representing him or herself without an attorney must appear
        personally and may not delegate that duty to any other person who is not a
10     member of the bar of this Court. A person representing him or herself
       without an attorney is bound by the Federal Rules, as well as by all applicable
11     local rules. Sanctions (including default or dismissal) may be imposed for
       failure to comply with local rules.

12  Civ. L.R. 3-9(a).

13     The Court warns Plaintiff, again, that the failure to comply with any of the above-

14  mentioned rules and requirements may result in the imposition of sanctions, up to and

15  including the dismissal of this action. As for the instant motion, because Defendants failed

16  to demonstrate that Plaintiff has delegated her duty to represent herself with respect to the

17  opposition she filed, the Court will not strike Plaintiff's opposition. However, Defendants

18  shall promptly notify the Court if Plaintiff fails to comply with any Federal Rule of Civil

19  Procedure, Local Rule, or Order of this Court.

20  ///

21  ///

22

23     [2] Under California's Vexatious Litigant Statute, California Code of Civil Procedure §
       391, et seq., a defendant in state court may move the court to require a pro se plaintiff to
24     provide security if the defendant can make a showing that the plaintiff is a vexatious
       litigant and there is not a reasonable probability that the plaintiff will prevail in the
25     litigation against the moving party. Cal. Civ. Proc. Code § 391.1. Once a plaintiff has been
       declared a vexatious litigant within the meaning of the statute, the court may also enter an
26     order prohibiting the plaintiff from filing new state court litigation absent leave of the
       presiding judge where the litigation is proposed to be filed. <u>Id.</u> § 391.7(a). This order is
27     known as a "prefiling order." <u>See id.</u> Parties subject to prefiling orders are placed on a
       statewide list - the "Vexatious Litigant List" - maintained by the Judicial Council of
28     California and disseminated to the clerks of the state courts. <u>Id.</u> § 391.7(f).

**A.   Legal Standards**

**1.   Motion to Strike**

Rule 12(f) of the Federal Rules of Civil Procedure states that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The function of a motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.  Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010).  In order to determine whether to grant a motion to strike under Rule 12(f), the court must determine whether the matter the moving party seeks to have stricken is (1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous.  Id. at 973-974.

**2.   Motion to Dismiss**

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In determining whether a complaint states a claim on which relief may be granted, the Court "accept[s] as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party."  Daniels–Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).

However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Sciences Securities Litigation, 536 F.3d 1049, 1055 (9th Cir. 2008).  The complaint is properly dismissed if it fails to plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be

plausibly suggestive of a claim entitling the plaintiff to relief."  <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 969 (9th Cir. 2009).

On a Rule 12(b)(6) motion, the Court's inquiry generally is limited to the allegations in the complaint.  <u>Lazy Y Ranch Ltd. v. Behrens</u>, 546 F.3d 580, 588 (9th Cir. 2008).  "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment."  <u>U.S. v. Ritchie</u>, 342 F.3d 903, 908 (9th Cir. 2003).

Where a complaint or claim is dismissed, leave to amend generally is granted, unless further amendment would be futile.  <u>See Chaset v. Fleer/Skybox Int'l</u>, 300 F.3d 1083, 1087-1088 (9th Cir. 2002); <u>see also Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000) (if a court dismisses the complaint, it should grant leave to amend, unless it determines that the pleading could not possibly be cured by the allegation of other facts).

**B.     Class Action and Collective Action Claims**

Plaintiff alleges that she has brought the instant action "in her individual capacity under . . . the California Labor Code," and "in her representative capacity under the California Unfair Trade Practices Act, California Business and Professions Code § 1700 et seq., and . . . Fair Labor Standards Act."  FAC ¶ 1.  Defendants move to dismiss the collective action and class action claims pled by Plaintiff on the ground that pro se litigants cannot pursue claims in a representative capacity.  Defendants also move to strike all references to these claims on the ground that the references are immaterial and irrelevant.

Pro se plaintiffs cannot pursue claims on behalf of others in a representative capacity.  <u>See Simon v. Hartford Life, Inc.</u>, 546 F.3d 661, 664 (9th Cir. 2008); <u>see also Johns v. County of San Diego</u>, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself."); <u>C.E. Pope Equity Trust v. United States</u>, 818 F.2d 696, 697 (9th Cir. 1987) (holding that a pro se litigant may not appear as an attorney for others).  Here, because Plaintiff is a pro se litigant, she cannot pursue claims on behalf of other AdBrite employees

1  in a representative capacity.  Accordingly, Defendants' motion to dismiss is GRANTED.

2  To the extent that the FAC attempts to allege collective action and class action claims, these

3  claims are DISMISSED without leave to amend.  In light of the Court's ruling on the

4  motion to dismiss, the Court GRANTS Defendants' request to strike all references in the

5  FAC to the class action and collective action claims on the ground that these references are

6  immaterial and irrelevant.  Given the dismissal of these claims with prejudice, any amended

7  complaint filed by Plaintiff shall not contain allegations or references indicating that

8  Plaintiff is pursuing claims or seeking damages on behalf of other AdBrite employees.

9       **C.      FLSA Claim**

10         Plaintiff's second cause of action alleges that Defendants violated 29 U.S.C. § 207,

11  which requires employers to pay overtime compensation for time worked in excess of forty

12  hours per week.  See 29 U.S.C. § 207(a)(1).  Defendants contend that dismissal of this

13  claim is appropriate because it is time-barred.

14         Title 29, United States Codes, Section 255(a) sets the limitations period for a cause

15  of action for unpaid wages under the FLSA.  Under the FLSA, claims for unpaid

16  compensation are typically subject to a two-year statute of limitations.  29 U.S.C. § 255(a).

17  The limitations period may, however, be extended to three years for a cause of action

18  "arising out of a willful violation" of the statute.  Id.  To obtain the benefit of the 3-year

19  exception, the plaintiff must prove that the employer's conduct was willful.  McLaughlin v.

20  Richland Show Co., 486 U.S. 128, 135 (1988).  "In common usage, the word 'willful' is

21  synonymous with such words as 'voluntary,' 'deliberate,' and 'intentional.' "  Id. at 133.

22         "A violation of the FLSA is willful if the employer 'knew or showed reckless

23  disregard for the matter of whether its conduct was prohibited by the [FLSA].' "  Chao v. A-

24  1 Med. Servs., Inc., 346 F.3d 908, 918 (9th Cir. 2003) (quoting McLaughlin, 486 U.S. at

25  133).  Mere negligence on the part of the employer will not suffice.  McLaughlin, 486 U.S.

26  at 133.  "If an employer acts unreasonably, but not recklessly, in determining its legal

27  obligation" under the FLSA, its action is not willful.  Id. at 135 n. 13; see Saint-Jean v.

28  District of Columbia --- F.Supp.2d ----, 2012 WL 723715, at * 3 (D. D.C. 2012) (reckless

1  disregard involves actual knowledge of a legal requirement, and deliberate disregard of the

2  risk that one is in violation).

3      Here, it is clear on the face of the FAC that Plaintiff's FLSA claim is time-barred,

4  unless there has been a willful violation of the statute.  Plaintiff's last day of employment

5  with AdBrite was August 7, 2007, but she did not commence the instant action until August

6  6, 2010, nearly 3 years later.  Thus, in order to withstand a motion to dismiss, the FAC

7  must plausibly allege facts demonstrating that Defendants willfully violated the FLSA so as

8  to extend the statute of limitations under FLSA from two to three years.  In this regard,

9  Defendants argue that the willfulness allegations in the FAC are insufficient under the

10  pleading standard set forth by the United States Supreme Court in Twombly and Iqbal.

11      The Supreme Court has explained that while the pleading standard under Rule 8,

12  does not require "detailed factual allegations," the rule "demands more than an unadorned,

13  the-defendant-unlawfully-harmed-me accusation. . . .  A pleading that offers 'labels and

14  conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor

15  does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

16  enhancement.' "  Iqbal, 129 S.Ct. at 1949 (citing Twombly 550 U.S. at 555, 557).  The

17  Court further explained that "a complaint must contain sufficient factual matter, accepted as

18  true, to 'state a claim to relief that is plausible on its face.' "  Iqbal, 129 S.Ct. at 1949 (citing

19  Twombly 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads

20  factual content that allows the court to draw the reasonable inference that the defendant is

21  liable for the misconduct alleged."  Iqbal, 129 S.Ct. at 1949 (citing Twombly 550 U.S. at

22  556).  The plausibility standard is not satisfied where a complaint pleads facts that are

23  merely consistent with a defendant's liability.  Iqbal, 129 S.Ct. at 1949 (citing Twombly

24  550 U.S. at 557).

25      As relevant to willfulness, Plaintiff alleges that "Defendants were fully aware of all

26  aspects of the FLSA . . . with regard to Plaintiff  . . . and thus Defendants knowingly and

27  willfully caused and permitted Plaintiff . . . to regularly work in excess of forty hours per

28  week without paying [her] one and one half of [her] regular rate of pay."  FAC ¶ 47.

1    Plaintiff also alleges that "Defendants intentionally and/or with reckless disregard for their

2    responsibilities under the FLSA, and without good cause, failed to pay Plaintiff . . . proper

3    wages." Id. ¶ 50.

4          The Court finds that these conclusory allegations lack sufficient factual matter to

5    satisfy the plausibility standard set forth in Iqbal and Twombly.  There are no factual

6    allegations that allow the Court to draw the reasonable inference that Defendants willfully

7    violated the FLSA.  Plaintiff's bare assertions with regard to willfulness are conclusory and

8    not entitled to the assumption of truth.  See Iqbal, 129 S.Ct. at 1951.  Because these

9    conclusory assertions are "devoid of further factual enhancement," the complaint does not

10   contain sufficient factual matter, accepted as true, to state a claim for relief under the FLSA

11   that is plausible on its face.  See id. at 1949 ("[t]hreadbare recitals of the elements of a

12   cause of action, supported by mere conclusory statements, do not suffice" to satisfy the

13   pleading standard under Rule 8 and survive a motion to dismiss).

14         In her opposition, Plaintiff argues, without elaboration or analysis, that an e-mail

15   allegedly sent by Mr. Fanlo to AdBrite employees dated April 20, 2007, which is attached

16   to the FAC,[3] demonstrates that Defendants willfully violated the FLSA.[4]  In the e-mail, Mr.

17   Fanlo states that while "the vast majority" of AdBrite employees work "very long hours,"

18   "too few folks" are in the office at 9:00 and not in the office at 6:00."  FAC, Exh. A.  Mr.

19   Fanlo further states that he expects employees to put in "9-10 hours" and "to give more than

20   the typical 9-5 job," and that he "would be VERY sad if [AbBrite] ever had to keep track of

21   working hours for [its] employees."  Id.  Mr. Fanlo also states that he does not want

22   employees that are committed to AdBrite to "struggl[e] alone long into the night."  Id.

23         The Court finds that the e-mail attached to the FAC does not contain sufficient

24   factual content to raise the plausible inference that Defendants' willfully violated the FLSA

25

26         [3] "A copy of a written instrument that is an exhibit to a pleading is a part of the
     pleading for all purposes."  Fed.R.Civ.P. 10(c).

27

28         [4] For purposes of this motion, the Court will assume that the e-mail attached to the
     FAC was sent by Mr. Fanlo as Plaintiff contends.

1    to extend the statute of limitations from two to three years.  The factual matter in the e-mail
2    does not substantiate the conclusory assertions in the FAC.  The content of the e-mail does
3    not provide a factual basis which plausibly suggests that Defendants' alleged FLSA
4    violation was willful.  There are no facts showing that Defendants knew their conduct with
5    respect to Plaintiff was prohibited by the FLSA.  Nor are there facts demonstrating that
6    Defendants showed reckless disregard for the matter of whether their conduct with respect
7    to Plaintiff was prohibited by the FLSA, i.e., facts demonstrating actual knowledge of a
8    legal requirement under the FLSA and deliberate disregard of the risk that their conduct
9    violated the FLSA.  For instance, the e-mail does not contain any factual statements
10   indicating that Defendants knew the FLSA applied to Plaintiff or facts indicating that
11   Defendants were reckless in determining their legal obligation to Plaintiff under the FLSA.

12        In short, because the allegations in the FAC and the statements in Mr. Fanlo's e-mail
13   do not permit the Court to infer more than the mere possibility of misconduct, Plaintiff has
14   not shown that she is entitled to relief under the FLSA.  See Iqbal, 129 S.Ct at 1950
15   ("where the well-pleaded facts do not permit the court to infer more than the mere
16   possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the
17   pleader is entitled to relief.' ").  Plaintiff's FLSA claim does not survive Defendants' motion
18   to dismiss because she has not pled factual content that allows the Court to draw the
19   reasonable inference that Defendants willfully violated the FLSA.  See id. at 1949.

20        Accordingly, Defendants' motion to dismiss Plaintiff's FLSA claim is GRANTED.[5]
21   The Court, however, will afford Plaintiff the opportunity to amend her complaint to allege
22   facts that support her contention that Defendants willfully violated the FLSA.  Plaintiff is
23   also granted leave to amend to allege facts demonstrating that her FLSA claim is timely
24   under the FLSA's two-year statute of limitations; specifically, facts establishing the

25

26   _____
         [5] In light of the Court's dismissal of Plaintiff's FLSA claim with leave to amend, the
27   Court GRANTS Defendants' request to strike all references in the FAC to FLSA remedies
     with leave to amend.
28

1   applicability of the doctrine of equitable tolling and/or the doctrine of equitable estoppel.[6]

2   Plaintiff may amend her FAC if, in compliance with Rule 11, she can truthfully allege facts

3   that would support her contention that Defendants willfully violated the FLSA, application

4   of the doctrine of equitable tolling, and/or application of the doctrine of equitable estoppel.

5   **III.   CONCLUSION**

6        For the reasons stated above, IT IS HEREBY ORDERED THAT:

7        1.     Defendants' motion to dismiss is GRANTED.  To the extent that the FAC

8   attempts to allege collective action and class action claims, those claims are DISMISSED

9   without leave to amend.  In light of this ruling, any amended complaint filed by Plaintiff

10  shall not contain allegations or references indicating that she is pursuing claims or seeking

11  damages on behalf of other AdBrite employees.  Plaintiff's FLSA claim is DISMISSED

12  with leave to amend.

13       2.     Plaintiff shall have twenty-one (21) days from the date this Order is filed to

14  file a second amended ccomplaint consistent with this Order.  Plaintiff is advised that any

15  additional factual allegations set forth in her second amended complaint must be made in

16  good faith and consistent with Rule 11.  Plaintiff is further advised that her second amended

17  complaint will supersede or replace the FAC and the first amended complaint will

18  thereafter be treated as nonexistent.  Armstrong v. Davis, 275 F.3d 849, 878 n. 40 (9th Cir.

19  2001), abrogated on other grounds by Johnson v. Cal., 543 U.S. 499 (2005).  The second

20  amended complaint must therefore be complete in itself without reference to the prior or

21  superseded pleading.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Plaintiff's second

22  amended complaint shall not include any additional claims without prior Court approval.

23  _____

24       [6] There are two separate but related doctrines which may apply to extend the
    limitations period or preclude a defendant from asserting a statute of limitations defense –
    equitable tolling and equitable estoppel.  Lukovsky v. City and County of San Francisco,

25  535 F.3d 1044, 1051 (9th Cir. 2008).  " 'Equitable tolling focuses on 'whether there was
    excusable delay by the plaintiff: if a reasonable plaintiff would not have known of the

26  existence of a possible claim within the limitations period, then equitable tolling will serve
    to extend the statute of limitations for filing suit until the plaintiff can gather what

27  information he needs.' "  Id.  " 'Equitable estoppel, on the other hand, focuses primarily on
    actions taken by the defendant to prevent a plaintiff from filing suit, sometimes referred to

28  as 'fraudulent concealment.' "  Id.

The Court warns Plaintiff that the failure to timely file a second amended complaint will result in the dismissal of her FLSA claim with prejudice.

3.    Defendants' motion to strike is GRANTED.

4.    Until Plaintiff is granted permission to e-file, she is required to manually file all documents with the Clerk of the Court and serve the documents upon Defendants in accordance with the applicable Federal Rules of Civil Procedure and the Local Rules for filing and service of non-electronic documents.  The Court warns Plaintiff that the failure to comply with the Federal Rules of Civil Procedure, the Court's Local Rules, and any Order of this Court may result in the imposition of sanctions, up to and including the dismissal of this action.

5.    This Order terminates Docket 47 and 54.

IT IS SO ORDERED.

Dated: 5/2/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

- 13 -

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA


PATRICIA MORGOVSKY,

       Plaintiff,

  v.

ADBRITE INC. et al,

       Defendant.
_____/


                       Case Number: CV10-05143 SBA

                     **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 4, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.




Patricia Morgovsky
1423 Avondale Road
Hillsborough, CA 94010

Dated: May 4, 2012
                         Richard W. Wieking, Clerk

                           By: Lisa Clark, Deputy Clerk